UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. NO. 05 - 10010 |
| V. | |
| JOHN MONTONI, et al., | |

### DEFENDANT, JOHN MONTONI'S PRELIMINARY MOTION FOR SEVERANCE

     The defendant, John Montoni ("Montoni"), preliminarily moves, pursuant to Federal Rule of Criminal Procedure 8(b), or alternatively Federal Rule of Criminal Procedure 14, that he be tried separately from his co – defendants on the grounds as set forth in the within motion, including, but not limited to the fact that there is a paucity of evidence against him, in contrast with the evidence alleged against his co – defendants. Montoni further asserts that the evidence alleged against him is insufficient to meet the requirements of his involvement in the alleged conspiracy and substantive counts and that his defense would be severely prejudiced should this Court deny severance under Rule 8(b).

     Consistent with an ongoing review of the numerous documentation provided to date, as well as the changing nature of the case itself, Montoni reserves the right to supplement this motion on both a factual and legal basis.

     A motion for severance, pursuant to Fed. R. Crim. P 8 (b), is based upon misjoinder of defendant. Improper joinder is inherently prejudicial, and severance is mandatory. U.S. v. Marionneaux, 514 F. 2d 1244 (5th Cir. 1975). Montoni contends that the allegations of criminal misconduct by him and the evidence against him contained in the indictment are so few in number and so slight when compared with those of his co – defendants that the prejudicial impact of a joint trial exceeds the limits of prejudice expressed in Rule 8 (b).

     A motion for severance, pursuant to Fed. R. Crim. P. 14 is addressed to the discretion of the trial judge. The burden is on the moving party to make a strong showing that a joint trial would prejudice him, and hence deny him a fair trial. U.S. v. Davis, 623 F. 2d 188, 194 (1st Cir. 1980). In the case at bar, a joint trial with his co – defendants, against whom the evidence on some of the charges seems overwhelmingly greater, would, we believe, deny Montoni a fair trial.

A defendant who is properly indicted with others under Fed. R. Crim. P. 8 (b) may nonetheless be entitled to a severance under Fed. R. Crim. P. 14 if he will be prejudiced by a joint trial. In ruling on a motion for severance, the trial court must weigh the interests of judicial economy served by a joint trial against the potential prejudice to the defendant if tried with his co – defendants. Woodcock v. Amaral, 511 F.2d 985, 994 (1st Cir. 1974).

### A. THE EVIDENCE AGAINST MONTONI'S CO DEFENDANTS WILL UNFAIRLY PREJUDICE HIM IN A JOINT TRIAL

As the indictment and expected evidence at trial plainly illustrate, the primary thrust of the government's case will be to focus on the repeated acts of fraud by Montoni's co – defendants, and to vaunt the money obtained by the co – defendants from the various insurance companies as a result of the alleged fraud. In a climate where sensibilities have already been rubbed raw by insurance fraud costing owners of automobiles higher insurance premiums, as well as rising health care rates, this proof will inflame the jury against all defendants. But Montoni, because he is an outsider and the evidence against him is limited to a relatively small number of allegedly false signatures, will suffer the most by far. To avoid this untoward result, the Court should grant Montoni a separate trial.

In deciding a motion for severance based on prejudicial spillover, "the proper inquiry is whether the evidence is such that the jury cannot be expected to 'compartmentalize' it and then consider it for its proper purposes.'" U.S. v. Abrahams, 466 F. Supp. 552 (D. Mass. 1978). While a conspiracy charge generally requires a strong showing of substantial prejudice to justify severance, see, U.S. v. Perkins, 926 F.2d 1271 (1st Cir. 1991), the harm to Montoni from a joint trial will far exceed "that which necessarily inheres whenever multiple defendants … are jointly tried." U.S. v. Palow, 777 F. 2d 52, 57 (1st Cir. 1985).

### B. MONTONI'S DEFENSE COULD BE DIAMETRICALLY OPPOSED TO THAT OF HIS CO – DEFENDANTS

In light of the disparity in evidence and roles in this case, Montoni may well defend against the charges *inter alia* by asserting that he was deceived by rather than enlisted in any purported fraud of his co -–defendants. Accordingly, wholly apart from the prejudicial spillover of evidence, Montoni should be granted a severance because his possible defense is irreconcilable with that of his co – defendants. It should be noted that although at this stage of the case it cannot be said with certainty what defenses will be raised, it is extremely likely that they will be mutually antagonistic.

"Antagonistic defenses do not per se require severance, even if the defendants are hostile or attempt to cast blame on each other." U.S. v. Drougas, 748 F.2d 8, 19 – 20 (1st Cir. 1984). However, "where the defenses are so inconsistent that the jury would have to believe one defendant at the expense of the other and the conflict alone establishes the guilt of a defendant, "severance is required. Id. at 20. The real question for a court in considering a severance motion is not how convincing a defendant's evidence is, but whether the core of his defense directly implicates the co – defendant." U.S. v.

2

Romanello, 726 F.2d 173 (5th Cir. 1984).  Moreover, it is not necessary for each defendant to base the core of his defense on direct accusation of his co – defendant. Severance may be required if only one defendant accuses the other, and the other denies any involvement. Id. at 177.

Under these standards, the likelihood of a prejudicial conflict between the defendants mandates a severance. At trial, Montoni may well point to substantial evidence uncovered by the government, unknown in its totality, but inferred at the time of the charged crimes, allegedly showing that some of the co – defendants were involved in numerous threats of bodily injury. Moreover, Montoni could argue that his association with the co – defendants ended long before the termination of their allegedly fraudulent activity, and long before the alleged fraud was discovered by the government.

C. MONTONI MAY BE UNABLE TO CALL HIS CO – DEFENDANT TO TESTIFY ON HIS BEHALF

While continuing to explore all options of trial strategy, Montoni has become alerted to the fact that at a joint trial he may be unable to call one of his co – defendants to testify on his behalf. Where a motion of severance is based on the ground that the defendant will be unable to call his co – defendant to testify on his behalf at a joint trial, the Court must consider the substance of the proffered testimony and its exculpatory nature and effect. U.S. v. Boscia, 573 F.2d 827 (3rd Cir.) cert. den. 436 U.S. 91, 98 S. Ct. 2248, 56 L.Ed. 2d 411 (1978). Where the defendant makes such a showing, along with establishing a bona fide need for the testimony and that the co – defendant will, in fact, testify if the cases are severed, severance is required. U.S. v. Starr, 584 F. 2d 235 (8th Cir.) cert. den. 439 U.S. 115, 99 S. Ct. 1019, 59 L. Ed. 2d 73.

While trial strategy is evolving, we believe that the possibility exists that one or more of the co – defendants may be able to provide exculpatory evidence on Montoni's behalf. If this develops to fruition, Montoni will further supplement this motion with the appropriate affidavit(s) and memorandum.

D. THE CO – DEFENDANTS HAVE MADE EXTRAJUDICIAL STATEMENTS

The vast amount of discovery material provided to date indicates that many, if not all, of the co – defendants have met with and provided proffered testimony (or voluntary statements) to the government. While the case is evolving, at this time we do not anticipate that any of the co – defendants will testify at a joint trial. Therefore, if any of the potential extrajudicial statements attributable to a co – defendant is believed, the possibility exists that the co – defendant alleged to have made the statement will not be subject to cross – examination. This scenario, if taken to its logical conclusion, falls squarely within the general rule concerning severance as set forth in Bruton v. U.S., 391 U.S. 121, 88 S.Ct.1620, 20 L.Ed. 2d 476 (1968). Thus, it may be the case where Montoni is put squarely in a position of having to confront both the government and one or more of his co – defendants, who will not be subject to cross – examination. If that were to be the case, severance is required.

E.   THE POTENTIAL PREJUDICE FAR OUTWEIGHS CONSIDERATIONS OF JUDICIAL ECONOMY

Whether Montoni's defense is submerged in a wave of damaging evidence against his co – defendants, or thwarted by the antagonistic posture of his co – defendants, the prejudice to him would be powerful. When all of the factors set forth hereinabove are considered in conjunction, the case for severance becomes overwhelming.

Thus, even the substantial sacrifice in judicial economy would be outweighed by prejudice to Montoni. Moreover, the mere repetition of evidence at separate trials is not a significant counterweight to prejudicial joinder. Instead, the relevant inquiry is whether such repetition would "unacceptably burden judicial resources, the Government, and the citizens serving as jurors." U.S. v. Habicht, 766 F. Supp. 22, 31 (D. Mass. 1991).

A severance here would not create anything approaching an unacceptable burden. A separate trial for Montoni will be considerably shortened for the reason alone that there will be fewer parties cross – examining witnesses, raising legal issues and putting in their cases. In addition, despite the government's familiar argument that much of its evidence would be repeated at a separate trial, such a trial would in fact be considerably shorter, both because the government would voluntarily streamline its proof as to the co – defendants and because Montoni would doubtless successfully resist the government's efforts to admit certain other extraneous evidence. Moreover, at a separate trial, Montoni would likely stipulate to certain admissible evidence concerning the activities of his co – defendants, thereby attaining further economy. Accordingly, considerations of judicial economy do not militate against a severance in this case.

CONCLUSION

For the foregoing reasons, Montoni's preliminary motion for severance should be granted.

    Respectfully submitted,
    John Montoni,
    By his attorney,


    ___/s/ Neil F. Faigel_____
    Neil F. Faigel
    BBO NO. 551688
    265 Broadway
    Methuen, MA 01844
    (978) 681 – 9600

Date: March 9, 2006