UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Criminal No. 05-10010-NMG |
| | ) |
| **JOHN MONTONI** | ) |
| | ) |

**GOVERNMENT'S MOTION FOR**
**DOWNWARD DEPARTURE BASED ON SUBSTANTIAL ASSISTANCE**

The United States of America, through Michael J. Sullivan, the United States Attorney for the District of Massachusetts, and William D. Weinreb and Gregg D. Shapiro, Assistant U.S. Attorneys, respectfully moves the Court, pursuant to U.S.S.G. § 5K1.1, for a downward departure in defendant John Montoni's sentence based on his substantial assistance. In support of this motion, the government states as follows:

1. On September 26, 2006, Montoni pleaded guilty to one count of conspiracy to commit mail fraud, wire fraud, and health care fraud, in violation of 18 U.S. C. § 371. That charge arose from Montoni's participation in a scheme to defraud automobile insurance companies by submitting claims for NCV and EMG tests that were never performed. Montoni contributed to the scheme by signing prescriptions for tests regardless of whether the tests were needed and by signing reports of tests that had not actually been performed.

2. Montoni began cooperating with the government's

investigation of this case in August 2002, as soon as FBI agents questioned him about his participation in the scheme. He admitted his own culpability and that of others who were involved and never falsely inculpated anyone. He did this without the protection of a proffer agreement or any promises from the government. Montoni provided additional information during subsequent proffers that helped the government prepare and prove its case.

3. Montoni's cooperation agreement was disclosed to the other defendants in this case during the period when the government was attempting to negotiate guilty pleas with all of them. As the Court knows, two of Montoni's codefendants, Igor Moyseyev and David Tamaren, pleaded guilty.

4. As the Court also knows, Montoni was an important witness at the trial of his third codefendant, Severin Yelaun. Montoni was the only witness to testify who had first-hand knowledge of Yelaun's role in the fraudulent claims submitted by Lynn Diagnostics, and he was one of only two witnesses with first-hand knowledge of Yelaun's role in the fraudulent claims submitted by Global Tech. In the government's view, his testimony put "flesh on the bones" of an otherwise complicated and highly circumstantial case.

5. The government believes that Montoni has been cooperative and truthful at all times. Although Montoni

struggled somewhat to accept fully his own culpability, he was always completely truthful about the acts he committed in furtherance of the scheme. The government believes that over time Montoni has come to accept fully his own culpability and that he feels genuine remorse.

6. According to the PSR's calculations, Montoni's total offense level is 15 and his criminal history category is I, yielding a sentencing range of 18-24 months' imprisonment. The government believes that because Montoni's participation in the conspiracy ended before November 1, 2001, he should be sentenced pursuant to the 2000 version of the Guidelines. Under that version of the guidelines, Montoni's total offense level is 13 and his sentencing range is 12-18 months.

7. The government now moves the Court, pursuant to U.S.S.G. § 5K1.1, to depart downwards from the applicable guidelines range in view of Montoni's substantial assistance in the prosecution of others. Specifically, the government recommends that the Court impose the following sentence: three years' probation with the first six months in home detention, a $10,000 fine, a $100 special assessment, and restitution. The government also recommends that as an additional condition of probation Montoni be required to give up practicing medicine for three years. This is essentially the same sentence the government has recommended for David Tamaren, whose participation

3

in the scheme was less extensive but who did not sign a cooperation agreement with the government.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney


By: _____
    WILLIAM D. WEINREB
    GREGG D. SHAPIRO
    Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

 A copy of this motion was served upon counsel for defendant, Neil F. Faigel, 265 Broadway, Methuen, MA 01844, by telecopier and first class mail on January 9, 2007.


          _____
          WILLIAM D. WEINREB
          Assistant U.S. Attorney